# Exhibit B

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ALBANY

---

| | |
|---|---|
| WILBER NATIONAL BANK, | **SUMMONS** |
| Plaintiff, | Index No.: 2200-10 |
| vs. | Date Filed: 4/5/10 |
| 1881 CENTRAL AVENUE LLC, | Mortgaged Premises: |
| WENSONG CHEN, JUANYING ZHENG, | |
| ZHENG AND CHEN JUMBO CORP., and | 1881-1885 Central Avenue |
| JOHN DOE, | Colonie, New York 12205 |
| Defendants. | Tax Map Nos. 29.10-1-14 and 29.10-1-13 |

---

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in the above entitled action and to serve a copy of your Answer on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may answer or appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Albany County is designated as the place of trial. The basis of venue is the location of the mortgaged premises.

**NOTICE: WE ARE ATTEMPTING TO COLLECT A DEBT OWED PLAINTIFF. ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**NOTICE: THIS ACTION IS NOT SUBJECT TO THE PROVISIONS OF RPAPL §1320.**

Dated: Binghamton, New York
       March 29, 2010

Thomas W. Cusimano, Jr.
HINMAN, HOWARD & KATTELL, LLP
Attorney(s) for Plaintiff(s)
Office and Post Office Address
700 Security Mutual Building
80 Exchange Street
P.O. Box 5250
Binghamton, New York 13902-5250
[Telephone: (607) 723-5341]

# HELP FOR HOMEOWNERS IN FORECLOSURE

New York State Law requires that we send you this notice about the foreclosure process.  Please read it carefully.

## Summons and Complaint

You are in danger of losing your home.  If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home.  Please read the summons and complaint carefully.  You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

## Sources of Information and Assistance

The State encourages you to become informed about your options in foreclosure.  In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Banking Department at 1-877-226-5697 or visit the Department's website at www.banking.state.ny.us

## Foreclosure Rescue Scams

Be careful of people who approach you with offers to "save" your home.  There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress.  You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed.  State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ALBANY

_____

WILBER NATIONAL BANK,

                            Plaintiff,

      vs.

1881 CENTRAL AVENUE LLC,
WENSONG CHEN, JUANYING ZHENG,
ZHENG AND CHEN JUMBO CORP., and
JOHN DOE,

                        Defendants.

_____

**VERIFIED COMPLAINT**

Index No.:   2200-10
Date Filed:  4/5/10

Plaintiff complaining of the defendants by its attorneys, Hinman, Howard & Kattell, LLP, alleges as follows:

    1.    Plaintiff, Wilber National Bank is a banking corporation organized and existing under the laws of the State of New York, having its principal place of business in the City of Oneonta, New York.

    2.    Upon information and belief, the defendants set forth in the annexed Schedule "B" reside or have a place of business at the addresses set forth therein and are made defendants in this action because of their interest in the subject property, including, but not limited to, the reasons set forth in said Schedule.  Where known, the state of incorporation of any corporate defendant is also set forth in Schedule "B".

    That the United States of America, the People of the State of New York, the Commissioner of New York State Department of Taxation and Finance, the Industrial Commission of the State of New York, and all other agencies or instrumentalities of the federal, state or local government (by whatever name designated) if made parties to this action

and if appearing in Schedule "C", which is attached hereto and hereby made a part hereof, are made parties by reason of the material set forth in Schedule "C" and for any other reason they may have a lien on the property.

      3.      On or about the 27th day of February, 2009, 1881 Central Avenue LLC, for purposes of securing repayment to Wilber National Bank of $1,220,000.00 duly executed and delivered to Wilber National Bank its note in the amount of $1,220,000.00.  A copy of the note is attached hereto as Exhibit "D" and hereby made a part hereof.

      4.      On or about the 27th day of February, 2009, as further security for the repayment of the obligation, 1881 Central Avenue LLC, hereinafter referred to as mortgagor, executed, acknowledged and delivered to Wilber National Bank a mortgage, a copy of which is attached hereto as Exhibit "E" and hereby made a part hereof.  The mortgage is in the same amount as the note referred to in paragraph "3" and covers premises set forth in Schedule "A", attached hereto and hereby made a part hereof.  The mortgage was recorded in the Albany County Clerk's Office on the 4th day of March, 2009, in Book 5804 of Mortgages at page 47, at which time the correct Mortgage Tax was paid to the Albany County Clerk.

      5.      On or about February 27, 2009, Wensong Chen, Juanying Zheng and Gheng and Chen Jumbo Corp., executed an Unlimited Guaranty, a copy of which is attached hereto as Exhibit "F" and hereby made a part hereof.

## AS AND FOR THE FIRST CAUSE OF ACTION
(Foreclosure)

      6.      The plaintiff repeats and realleges the allegations contained in paragraphs "1" through "5" above as though fully set forth herein.

      7.      The plaintiff is presently the owner and holder of the note and mortgage referred to in paragraphs "3" and "4".

      8.      1881 Central Avenue LLC is still the record owner of the properties described in

Schedule "A".

9.      Under the terms of the note and mortgage, the Mortgagor agreed to make

monthly payments of principal and interest beginning April 2, 2009.  The note provides that the

Mortgagor pay an additional late charge of 5% of the amount of any payment which is not paid

within 10 days of the date due.

10.     The note and mortgage provide that the entire unpaid balance of principal and

accrued interest would become due and payable immediately at the option of the plaintiff upon

the default of thirty days in payment of principal or interest payments.

11.     The Mortgagor has defaulted under the terms of the note and mortgage by failing

to make any principal or interest payments due February 2, 2010 and thereafter.  Plaintiff

hereby elects to declare the whole of the principal sum and interest immediately due and

payable by reason of the above mentioned default.

12.     There is justly due and owing to the plaintiff the principal sum of $1,207,376.65

together with accrued interest at the note rate from January 2, 2010, and late charges.

13.     The mortgage provides that the plaintiff shall be entitled to the appointment of a

receiver without notice.

14.     The mortgage provides that in the case of a foreclosure sale, the premises may

be sold as one parcel.

15.     No other action has been commenced at law or otherwise for the recovery of the

sum or any part thereof, secured by the note and mortgage.

16.     Each and all of the defendants herein have or may claim to have some interest or

lien upon the premises described in Schedule "A", or some part thereof, which lien or interest

accrued subsequent to the lien of the plaintiff's mortgage and is subordinate thereto.

17.    In order to protect its security, plaintiff may be compelled during the pendency of this action, to pay taxes, assessments, sewer or water fees, insurance premiums, payments and fees to the Receiver, attorneys fees, and other charges affecting the premises, and the plaintiff requests that any sums so paid by it should be added to the sum otherwise due, deemed secured by the mortgage and adjudged to be a lien upon the premises described in Schedule "A".

## AS AND FOR THE SECOND CAUSE OF ACTION

### (Replevin)

18.    The allegations contained in paragraphs "1" through "17" above are realleged as though fully set forth herein.

19.    The Mortgage, in addition to the real property, secures all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, fixtures, machinery, equipment, engines, boilers, incinerators, building materials, appliances and goods of every nature now or hereafter attached to, or used in connection with the premises.

20.    An Assignment of Leases and Rentals was executed and is attached hereto as Exhibit "G".

21.    Plaintiff is entitled to possession of fixtures, machinery, equipment, engines, boilers, incinerators, building materials, appliances and goods of every nature pursuant to the terms of the security agreement.

WHEREFORE, plaintiff demands judgment:

On the First Cause of Action:

1.    That all the defendants and all persons claiming under them or any of them,

subsequent to the commencement of this action and the filing of the notice of pendency

thereof, be barred and foreclosed from all estate, right, title and interest, claim, lien and equity

of redemption of, in and to the mortgaged premises, described in Schedule "A", and each and

every part or parcel thereof.

2.      That the premises described in Schedule "A" be decreed to be sold according to

law, subject to covenants, restrictions and easements of record, zoning regulations and such

state of facts as an accurate survey would disclose and that either or any of the parties to this

action may become a purchaser upon such sale.

3.      That the monies arising from the sale thereof may be brought into court.

4.      That the plaintiff may be paid the amount due on the note and mortgage as

hereinbefore set forth, with interest to the time of such payment, in accordance with the terms

of the note, and the expenses of such sale, together with the costs, allowances and

disbursements and attorneys fees of this action, and any monies advanced for payment of

taxes, sewer and water fees, insurance premiums and all other charges and liens thereon be

paid with interest at the rate set forth in the above described mortgage on those amounts, from

the date of the respective payments and advances thereof, so far as the amounts of such

monies are properly allocable thereto.

5.      That 1881 Central Avenue LLC, Wensong Chen, Juanying Zheng, and Zheng

and Chen Jumbo Corp. be adjudged to pay any deficiency which may remain.

6.      That the Court forthwith appoint a receiver of rents and profits for the premises

with the usual powers and duties.

7.      That possession and control of all fixtures, equipment, machinery and other

tangible personal property related to any of the foregoing be delivered immediately to the

Plaintiff for sale pursuant to the New York Uniform Commercial Code.

8.     That the real property and all of the personal/chattel property contemplated by the mortgage, security agreement contained therein, separate security agreement and lease be sold together with the real property for one price, or separately as determined by the Receiver.

On the Second Cause of Action:

1.     Adjudging the plaintiff is entitled to immediate possession of all the equipment covered by the security agreement.

2.     That the equipment be delivered to the plaintiff.

3.     For a deficiency judgment against 1881 Central Avenue LLC, Wensong Chen, Juanying Zheng, and Zheng and Chen Jumbo Corp. in plaintiff's favor upon repossession and sale of the equipment;

4.     For costs and disbursements relative to this cause of action; and

5.     That the plaintiff have such other and further relief as may be just and equitable.

Dated: Binghamton, New York
        March 29, 2010

Thomas W. Cusimano, Jr.
HINMAN, HOWARD & KATTELL, LLP
Attorney(s) for Plaintiff(s)
Office and Post Office Address
700 Security Mutual Building
80 Exchange Street
P.O. Box 5250
Binghamton, New York 13902-5250
[Telephone: (607) 723-5341]

STATE OF NEW YORK )
                                      ) SS.:
COUNTY OF BROOME )


THOMAS W. CUSIMANO, JR., being duly sworn, states:

I am an attorney for the plaintiff in this action and my office is located at 700 Security Mutual Building, 80 Exchange Street, Binghamton, New York, which is within the County of Broome.  This verification is made by me because the plaintiff is not within the County of Broome, which is the county where I have my office.

I have read the foregoing complaint and know of its contents.  The complaint is true to the best of my knowledge except as to matters alleged on information and belief, and as to those matters, I believe it to be true.

The source of my information and grounds of my belief as to all matters in the forgoing complaint not stated to be made upon my knowledge are as follows:  records, conferences with client, and information provided by client.

THOMAS W. CUSIMANO, JR.


Subscribed and sworn to before me
this 29th day of March, 2010.

Notary Public

PAMELLA A. MASLOWSKY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4794144
RESIDING IN BROOME COUNTY
MY COMMISSION EXPIRES NO 30 _20/3