# Exhibit C



# Albany County Clerk
## 32 North Russell Rd.
## Albany, NY 12206-1324

**Return to:**

HINMAN HOWARD & KATTELL
700 SECURITY MUTUAL BLDG
80 EXCHANGE ST
BINGHAMTON NY 13902

**Instrument**      **Assignment of rent**

**Document Number:**   10365294      **Book:** 2944   **Page:** 411

**Grantor**

    1881 CENTRAL AVENUE LLC

**Grantee**

    WILBER NATIONAL BANK

**Number of Pages:**   5

**Recorded Date/Time**   03/04/2009 at 2:55 PM

**Receipt Number**   504240

**Note:**   ** DO NOT REMOVE - THIS PAGE IS PART OF THE DOCUMENT **

THIS PAGE CONSTITUTES THE CLERK'S ENDORSEMENT, REQUIRED BY SECTION 316-a(5) & 319 OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK.

*Thomas A Clingan*
Thomas G. Clingan, County Clerk



**Albany County Clerk**
Deed Books (Record Room)
Book 2944 Page 412

Loan Number 1042475



## ASSIGNMENT OF LEASES AND RENTALS

This Agreement made this 27th day of February, 2009, between 1881 CENTRAL AVENUE LLC, a limited liability company with offices at 1881 Central Avenue, Albany, New York  12205 (Owner) and WILBER NATIONAL BANK, a national banking association having its principal office at 245 Main Street, Oneonta, New York (the Bank).

WITNESSETH:

Owner is the present owner in fee simple of certain real property more fully described in a mortgage in the sum of $1,220,000.00 made this day by Owner to Bank which is to be recorded in the Office of the Albany County Clerk contemporaneously herewith (the premises), and which premises are located at 1881 and 1885 Central Avenue, Albany, New York  12205 as more particularly described on annexed Schedule A.

Bank, as a condition to accepting said mortgage, has required an assignment of all leases, rentals and profits from the premises as additional security for the indebtedness represented by said mortgage and for the payment of taxes, insurance and maintenance of said premises.

NOW, THEREFORE, in consideration of the foregoing and the sum of One Dollar ($1.00) paid by Bank to Owner, the receipt whereof is hereby acknowledged, the Owner hereby assigns, transfers and sets over to Bank, its successors and assigns, as additional security for the indebtedness, all existing leases and any extensions or renewals thereof, together with all the rights and privileges of the Owner under said leases, and together with all rents, earnings, issues and profits which may become due and payable thereunder or by virtue of any lease which may be executed in the future, written or verbal, or any other agreement for the use or occupancy of the premises, and any security deposit made by any tenant under any such lease.

The Owner covenants that up to the date of this assignment, the Owner has faithfully performed and fulfilled all covenants under any lease and will continue to do so during the term of the lease, so long as said mortgage shall be in effect, and will not by the Owner's own failure or fault at any time during the term of said lease give any lessee just cause to terminate any lease. The Owner further covenants that there is no other assignment of Owner's interest in any lease in effect, that no substantial modification whatever of any such lease has been executed or granted, either orally or in writing, that no tenant is in default under any lease, and that the leases are in full force and effect according to their original terms.

Pursuant to Section 291-f of the Real Property Law, the Owner covenants and agrees that so long as said mortgage shall be unpaid, the Owner will not, without consent of the Bank:

Albany County Clerk
Document Number 10365294
Rcvd 03/04/2009 2:55:54 PM



A-0118075

(a) Cancel or accept surrender of any lease or any renewal or extension thereof;

(b) Reduce the rent or modify the terms of any lease or any renewals or extensions thereof, either orally or in writing, so as to decrease the terms thereof or in any way substantially reduce the value of the property or the equity of the mortgagee therein;

(c) Consent to an assignment of any lessee's interest in any lease which will relieve any lessee of liability for the payment of rent and the performance of the terms and conditions of the lease;

(d) Collect rents more than thirty (30) days in advance; and any of the above acts, if done without written consent of the Bank, shall be null and void.

By its acceptance of this assignment, Bank covenants and agrees that until there shall be a default by the Owner in the performance of the covenants or in the making of the payments provided for in the mortgage above mentioned, Owner shall receive and collect the rents, issues and profits under any lease and shall apply same to payments on the said mortgage debt and to taxes, insurance and maintenance of said property.

Bank shall not be responsible for the control, care or management of the premises nor for the carrying out of the terms and conditions of any lease, but upon any default in performance of the covenants or in the making of the payments provided for in said mortgage, and the Owner's failure to cure such default within any time permitted by the terms of the mortgage, Bank may, at its option, receive and collect all said rents, issues and profits, and may, at its option, enter upon the mortgaged premises by its officers, agents and employees for the collection of the rents and for the operation of and maintenance of the mortgaged premises, the Owner hereby authorizing Bank in general to perform all acts necessary for the operation and maintenance of the said premises in the same manner and to the same extent that the Owner might reasonably so act. Bank shall not be liable or accountable for any rentals which it does not receive, nor for its failure to collect any such rentals. After payment of all proper charges and expenses, Bank shall credit the amount of income which it may receive by virtue of this Assignment to any amounts due Bank from the Owner under the terms and provisions of said mortgage.

The failure of Bank to avail itself of any of the terms and conditions of this Agreement for any period of time shall not be construed to be a waiver of any of its rights hereunder. Payment in full to Bank of said debt and the full performance of said mortgage shall render this Assignment void, but otherwise it shall remain in full force and effect with the right of Bank to assign the same whenever it may assign said mortgage.

All the covenants and agreements herein contained on the part of either party shall apply to and bind their executors, administrators, distributees, successors and assigns.

IN WITNESS WHEREOF, the Owner has caused this instrument to be executed the day and year first above written.

1881 CENTRAL AVENUE LLC

By: _____
Wensong Chen, Member

And By: _Zheng Juan Ying_____
Juanying Zheng, Member

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF ALBANY   )

On this __27th__ day of February, in the year of 2009, before me, the undersigned, personally appeared WENSONG CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

12-31-09

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF ALBANY   )

On this __27th__ day of February, in the year of 2009, before me, the undersigned, personally appeared JUANYING ZHENG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

12-31-09

**RECORD AND RETURN TO:**
John E. Jones, Esq.
Hinman, Howard & Kattell, LLP
700 Security Mutual Building
80 Exchange Street
P.O. Box 5250
Binghamton, NY 13902-5250

## SCHEDULE A DESCRIPTION

1881 Central Avenue:

ALL THAT CERTAIN TRACT, PIECE OR PARCEL OF LAND situate, lying and being in the Town of Colonie, County of Albany and State of New York, located on the northeasterly side of Central Avenue and more particularly bounded and described as follows:

BEGINNING at a point in the northeasterly line of Central Avenue, said point being the division line between lands owned by Ying Y. Lai on the northwest and lands now or formerly of R.E. Ogren et al.;

RUNNING thence along land of Ogres et al. North 64° 38' East 331.35 feet to land now or formerly of Hussey;

THENCE North 22° 39' 31" West, 200.41 feet to the other lands of Lai;

THENCE along lands of Lai South 64° 36' 07" West 340.93 feet to the northerly side of Central Avenue;

THENCE along the northeasterly side of Central Avenue South 25° 23' 53" East 200 feet to the point or place of beginning.

1885 Central Avenue:

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Colonie, County of Albany and State of New York, on the northeast side of Central Avenue, and more particularly bounded and described as follows:

BEGINNING at a point on the northeasterly side of Central Avenue, said point being the division line between lands now or formerly of Cheng and land now or formerly of Lai;

RUNNING thence northwesterly along the northeasterly side of Central Avenue 191.50 feet;

THENCE North 49° 35' 20" East 360.07 feet;

THENCE South 33° 28' 03" East 141.22 feet;

THENCE South 40° 19' 12" East 51.32 feet;

THENCE South 49° 35' 20" West 342.89 feet to the northeasterly side of Central Avenue and the point or place of beginning.

Said premises is also known as Lot 13 on Block 1 of Section 29.10 in the County of Albany, #1885 Central Avenue.