# EXHIBIT "A"

Loan Number: 1042475

## MORTGAGE NOTE

$1,220,000.00                                                                                    Oneonta, New York
                                                                                                  February 27, 2009

   FOR VALUE RECEIVED, the undersigned ("Borrower") promises to pay WILBER NATIONAL BANK ("Lender"), or order, the principal sum of $1,220,000.00 with interest on the unpaid principal balance from the date of this Note at the initial rate of 7.20% per annum. Interest shall be computed on the basis of a 365-day year for each day during which any portion of the principal amount remains unpaid. The principal and interest shall be payable at 245 Main Street, Oneonta, New York, or such other place as the holder hereof may designate in writing, payable as follows:

   By payments of principal and interest in the amount of $9,606.18 commencing April 2, 2009, and continuing on the 2nd day of each month thereafter until and including March 2, 2016. On March 2, 2016 ("Interest Adjustment Date") the interest rate shall be changed to equal 1.0% per annum above the then current "Prime Rate" defined as the "highest Prime Rate" published by the Wall Street Journal in its Money Market Column, adjusted as of the date of each such change. Commencing on April 2, 2016, payments of principal and interest shall be adjusted and paid in an amount which will fully amortize the principal balance on March 2, 2029. Payments of principal and interest shall increase or decrease following each adjustment of the interest rate. Each payment shall be applied first to the payment of interest and the balance in reduction of principal. Unless sooner paid the entire unpaid principal balance and all accrued interest and penalties shall be due and payable on March 2, 2029.

   If any installment under this Note is not received by the holder hereof within ten (10) days of when it becomes due, the undersigned shall pay to the holder hereof a late charge of five percent (5%) of such installment or Twenty-Five Dollars ($25.00), whichever is greater, such late charge to be immediately due and payable without demand by the holder hereof. Upon maturity or default, or if any installment under this Note remains past due for thirty (30) calendar days or more, the outstanding principal balance of this Note shall bear interest during the period in which the undersigned is in default at a rate of five percent (5%) per year above the rate then in effect for this Note, or if such increased rate of interest may not be collected from the undersigned under applicable law, then at the maximum increased rate of interest, if any, which may be collected from the undersigned under applicable law.

   If any installment under this Note is not paid within thirty (30) days of the date it is due, the entire principal amount outstanding hereunder and accrued interest thereon shall at once become due and payable, at the option of the holder hereof. Borrower shall also be in default if it fails to perform any obligation or breaches any warranty or covenant to Lender, beyond any applicable notice and cure period that is contained in this Note, any mortgage, security agreement or other loan document related to this Note or any other indebtedness of Borrower or any Guarantor to Lender. The holder hereof

may exercise this option to accelerate during any default by the undersigned regardless of any prior forbearance. In the event of any default in the payment of this Note, and if the same is referred to an attorney at law for collection or any action at law or in equity is brought with respect hereto, the undersigned shall pay the holder hereof all expenses and costs, including, but not limited to, attorney's fees and applicable statutory costs.

There will be a prepayment penalty during the first five (5) years of the loan if there is a ten percent (10%) or greater principal reduction of the outstanding principal balance, outside of the normal amortization schedule, during any twelve (12) month period.

The penalty shall be computed as follows during the respective annual periods:

> 3% of the prepayment amount during the first and second year,
> 2% of the prepayment amount during the third and fourth year, and
> 1% of the prepayment amount during the fifth year.

Prepayments shall be applied against the outstanding principal balance of this Note and shall not extend or postpone the due date of any subsequent monthly installments or change the amount of such installments, unless the holder hereof shall agree otherwise in writing. The holder hereof may require that any partial prepayments be made on the date monthly installments are due and be in the amount of that part of one or more monthly installments which would be applicable to principal.

From time to time, without affecting the obligation of the undersigned or the successors or assigns of the undersigned to pay the outstanding principal balance of this Note and observe the covenants of the undersigned contained herein, without affecting the guaranty of any person, corporation, partnership or other entity for payment of the outstanding principal balance of this Note, without giving notice to or obtaining the consent of the undersigned, the successors or assigns of the undersigned or guarantors, and without liability on the part of the holder hereof, the holder hereof may, at the option of the holder hereof, extend the time for payment of said outstanding principal balance or any part thereof, reduce the payments thereon, release anyone liable on any of said outstanding principal balance, accept a renewal of this Note, modify the terms and time of payment of said outstanding principal balance, join in any extension or subordination agreement, release any security given herefor, take or release other or additional security, and agree in writing with the undersigned to modify the rate of interest or period of amortization of this Note or change the amount of the monthly installments payable hereunder.

Borrower shall provide the Lender with the following information during the term of this Note:

1.    Within 120 days after the end of each fiscal year of 1881 Central Avenue LLC and Zhen & Chen Jumbo Corp.:

>    a.    Review quality financial statements, as prepared by Certified Public Accountant.

2. Upon the sooner of 120 days after the end of each calendar/fiscal year or within 30 days after filing each year:

    a. The complete Federal income tax returns of Wensong Chen and Juan Ying Zheng (including all statements and schedules), as signed by them and filed with the IRS.

3. From time to time, any such other financial information with respect to the Borrower and/or Guarantor, as the Lender may request.

The Borrower shall not make any loans to any of its shareholders, directors, officers, or employees without the prior written consent of the Lender.

During the term of the Loan, the Borrower, Guarantor, and/or owner of the Premises, will not encumber the Premises by mortgage, pledge, assignment or otherwise (except to Lender), or sell or transfer the Premises or any portion thereof, to any person or entity without the prior written consent of the Lender.

Borrower shall establish a primary operating account with Lender prior to closing and maintain it throughout the term of this Note.

Presentment, notice of dishonor, and protest are hereby waived by all makers, sureties, guarantors and endorsers hereof. This Note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

If more than one party signs this note the word "undersigned" shall mean "the undersigned and each of them" and each undertaking contained in this note shall be their joint and several undertaking.

1881 CENTRAL AVENUE LLC

By: _____
Wensong Chen, Member

And By: _Zheng Juan Ying_____
Juanying Zheng, Member

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF ALBANY    )

On this ___27___ day of February, in the year of 2009, before me, the undersigned, personally appeared WENSONG CHEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JAY A. SMITH
Notary Public, State of New York
Qualified in Albany County
No. 4847004
Commission Expires ___12/31/09___

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF ALBANY    )

On this ___27___ day of February, in the year of 2009, before me, the undersigned, personally appeared JUANYING ZHENG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JAY A. SMITH
Notary Public, State of New York
Qualified in Albany County
No. 4847004
Commission Expires ___12/31/09___